IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Wondell Timmons, Jr., | ) | Case No.: 4:24-cv-3894-JD-KDW |
|           Plaintiff, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| Liam E. Cox, | ) | |
|           Defendant. | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 17.) Plaintiff Wondell Timmons, Jr. ("Plaintiff" or "Timmons"), who is proceeding pro se, brought this action alleging a violation of his civil rights by Defendant Liam E. Cox ("Cox"). (DE 1.)

Plaintiff alleges on June 6, 2024, Cox filed false address information on a Mullins Police Department incident report. (DE 1, p. 5.) Plaintiff claims he has a beginner's permit that lists his correct address, and Cox did not use the address listed on this document when he completed the incident report. (DE 1-1, p. 2.) Plaintiff attaches a copy of a June 5, 2024, incident report in which Cox responded to 346

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Gause Street in reference to stolen property. (*Id.* at 5.) Cox spoke with Plaintiff who reported that his bicycle was missing from his front porch. (*Id.*) Cox took the report and informed Plaintiff he would review the security camera in an attempt to identify a suspect. (*Id.*)

On August 2, 2024, the Magistrate Judge issued the Report recommending Plaintiff's Complaint be dismissed because, although Plaintiff indicates the court has jurisdiction over his claims pursuant to the diversity statute, 28 U.S.C. § 1332, "Plaintiff's Complaint fails to demonstrate complete diversity of parties as Plaintiff alleges that he and Defendant are citizens of South Carolina," such that "Plaintiff has not shown the court has diversity jurisdiction over his claims, therefore, his Complaint is subject to summary dismissal." (DE 17, p. 4.)

Timmons objected to the Report on August 13, 2024 (DE 20); however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—*that are at the heart of the parties' dispute.*'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this

Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

> Specifically, Plaintiff states:
>
> I, the plaintiff Woodell Timmons Jr. is filing with ordering a Objection with case name Timmons v. Floyd. Based upon the false information with a false address PVT. Liam E. Cox has filed with a Mullins Police Department Incident Report that I, the plaintiff Woodell Timmons Jr. has filed with the U.S. District Court of South Carolina with case name Timmons v. Cox, with a copy of I, the plaintiff Woodell Timmons Jr. Beginner's Permit that has I, the plaintiff Woodell Timmons Jr. correct address that PVT. Liam E. Cox did not filed with I, the Complainant Woodell Timmons Jr. address with the Mullins Police Department Incident Report document that I, the plaintiff Woodell Timmons Jr. has filed with case name Timmons v. Cox , therefore I, the plaintiff Woodell Timmons Jr. has based upon facts and evidence with documents I, the plaintiff Woodell Timmons Jr. has filed with the case name Timmons v. Cox with the U.S. District Court of South Carolina, I, the plaintiff Woodell Timmons Jr. have a reasonable doubt to believe that PVT. Liam E. Cox has filed false information with a false address with I, the plaintiff Woodell Timmons Jr. complaint. Based upon the documents I, the plaintiff Woodell Timmons Jr. has filed with the U.S. District Court of South Carolina with case name Timmons v. Cox, I, the plaintiff Woodell Timmons Jr. is filing with ordering a two billion dollar False Information Lawsuit Settlement with compensation to pay I, the plaintiff Woodell Timmons Jr. with a U.S. Constitutional U.S. District Court of South Carolina Judge to rule in I, the plaintiff Wondell Timmons Jr. favor with a decision.

(DE 20, p. 2.) However, nowhere in Timmons's objection does he address jurisdiction, the basis for the Report's recommendation of dismissal. Therefore, the Court overrules the objection. Accordingly, after thoroughly reviewing the Report and Recommendation and the record, the Court adopts the Report (DE 17) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process and any pending motions are otherwise terminated as moot.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 25, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.